United States District Court
Southern District of Texas
**ENTERED**
October 20, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LYNN HENTON, | § | |
| TDCJ #00694606, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-345 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This prisoner civil rights case is currently before the Fifth Circuit on an interlocutory appeal from the denials of Plaintiff Lynn Henton's motion for a preliminary injunction and motion for class certification (Dkt. 16). *See* Fifth Circuit Case Number 15-41185. While the case has been on appeal, the Court has received a barrage of motions to intervene filed by other prisoners, along with two more motions filed by Henton: a motion for leave to submit supplemental evidence on the motion for preliminary injunction (Dkt. 44), which the Court construes as a motion for reconsideration, and a motion requesting a ruling on the merits of the case (Dkt. 45), which the Court construes as a motion for summary judgment. For the reasons given below, all pending motions are **DENIED**.

### A. The motion for reconsideration

A federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982). A district court is divested of jurisdiction upon the filing of a notice

of appeal with respect to any matters involved in the appeal, whether that appeal is from a final judgment or an interlocutory order. *Taylor v. Sterrett,* 640 F.2d 663, 667–68 (5th Cir. 1981). "A district court does not have the power to alter the status of the case as it rests before the Court of Appeals." *Dayton Ind. School Dist. v. U.S. Mineral Products Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) (quotation marks omitted). Given the current posture of this case, Henton's motion seeking reconsideration of this Court's ruling denying preliminary injunctive relief would, if granted, alter the status of the case as it rests before the Fifth Circuit and constitute an action outside this Court's jurisdiction. That motion (Dkt. 44) is **DENIED**.

### B. The motion for summary judgment

Henton's motion for summary judgment, on the other hand, is likely not foreclosed by the appeal. The Fifth Circuit has held that the pendency of an interlocutory appeal from the grant or denial of a preliminary injunction ordinarily does not divest the district court of jurisdiction to proceed with other aspects of the case, including reaching a final decision on the merits. *Hunt v. Johnson*, 90 Fed. App'x 702, 2004 WL 75421, at *1 (5th Cir. 2004). Henton, however, has not carried his evidentiary burden. The motion (Dkt. 45) is **DENIED**.

### C. The motions to intervene

Several other prisoners have filed motions seeking to intervene in this case as of right. Intervention as of right under Rule 24(a)(2) is proper when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she

seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervenor's interest. *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004). The party seeking to intervene must meet all four requirements. *Id*. at 556. The prisoners have not carried their burden. If nothing else, they have failed to meet the fourth requirement.

The motions to intervene are all virtually identical and are typified by the first such motion, which was filed by William Dexter White (Dkt. 24). In explaining why he does not believe that Henton adequately represents his interests, White merely says that Henton "has never in the past even filed a [Section 1983 action and] has no formal training in the law" (Dkt. 24 at p. 3). That is of course true of most prisoners who bring civil rights actions—including, presumably, the ones who want to intervene in this lawsuit—which is one reason why this Court has the power to appoint counsel for indigent prisoners if it deems such a measure necessary. *See* 28 U.S.C. § 1915(e)(1). But leaving that aside, a "presumption of adequate representation arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996). "[T]he applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Id*. The prisoners seeking to intervene have not made a

sufficient showing. The motions to intervene, and the accompanying requests for hearings on those motions, are **DENIED**.[1]

The Clerk of this Court shall send a copy of this Order to the parties and to the prisoners who have filed motions to intervene.

SIGNED this 20th day of October, 2016.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge

---

[1] These motions are found at docket numbers 24, 28–37, 39, 41–43, 46, 48–54, and 56–60.