United States District Court
Southern District of Texas
**ENTERED**
March 24, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| LYNN HENTON, TDCJ #00694606, <br><br> Plaintiff, <br> VS. <br><br> WILLIAM STEPHENS, *et al*, <br><br> Defendants. | § § § § § § § § § § § CIVIL ACTION NO. 3:14-CV-345 |

## ORDER OF DISMISSAL

Plaintiff Lynn Henton is currently incarcerated in the Wayne Scott Unit of the Texas Department of Criminal Justice ("TDCJ"). He has filed a civil rights complaint alleging that structural conditions at the "dilapidated" unit are "dangerous;" that the unit is overrun with vermin; and that prison officials have curtailed his access to necessary legal materials. Henton proceeds *pro se* and has been granted leave to proceed *in forma pauperis* ("IFP"). Because of the seriousness of the allegations, the Court ordered an answer from the defendants (Dkt. 63).

Several other prisoners filed identical motions to intervene, including one William Dexter White. The Court denied the motions (Dkt. 64). White filed a motion to reconsider the denial of his motion to intervene in which he claimed that he was in fact driving the litigation and that Henton was merely a "figurehead" with no interest in pursuing the lawsuit and no knowledge of what allegations were being brought (Dkt. 65). White further admitted that he had paid other prisoners to participate in the litigation, all

of which indicated to the Court that White was litigating the case by proxy and vicariously reaping the benefits of Henton's IFP status despite having ample financial means (Dkt. 65 at pp. 2–4). As for the question of why he did not file the lawsuit himself, White stated that he feared retaliation because he is known as a "very talented" and "successful" jailhouse lawyer and that he expected to leave the Wayne Scott Unit soon, creating the possibility that the case would soon be moot if brought in his name[1] (Dkt. 65 at pp. 1–3, 7).

The Court indefinitely stayed the deadlines contained in its order to answer and ordered Henton, specifically, to show cause within 30 days why the Court should not dismiss the case or otherwise sanction Henton pursuant to Federal Rule of Civil Procedure 11(c); Federal Rule of Civil Procedure 41(b); and/or the Court's inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases (Dkt. 69). *See Gonzalez v. Trinity Marine Group, Inc.*, 117 F.3d 894, 898 (5th Cir. 1997). The Court further advised Henton that he could possibly be required to individually certify, with his signature, every legal and factual contention in his pleadings pursuant to Federal Rule of Civil Procedure 11(b) (Dkt. 69). Henton—in a partly typed, partly handwritten pleading that looked very different from the prior pleadings that were evidently drafted by White—requested a 15-day extension of his deadline to respond to the show cause order (Dkt. 70). The Court gave Henton an extension of 45 days (Dkt. 71). It is now 45 days past the revised deadline, and Henton has not filed anything else.

---

[1] Indeed, the TDCJ website indicates that White has been transferred to the Jester Unit in Fort Bend County.

The Court will now dismiss this case pursuant to Federal Rule of Civil Procedure 11(c); Federal Rule of Civil Procedure 41(b); and the Court's inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *See Gonzalez*, 117 F.3d at 898. The dismissal is without prejudice. The Court notes that this case is currently before the Fifth Circuit on an interlocutory appeal from the denials of Henton's motion for a preliminary injunction and motion for class certification (Dkt. 16).[2] *See* Fifth Circuit Case Number 15-41185. However, the Fifth Circuit has held that the pendency of an interlocutory appeal from the grant or denial of a preliminary injunction ordinarily does not divest the district court of jurisdiction to proceed with other aspects of the case, including reaching a final decision on the merits. *Hunt v. Johnson*, 90 Fed. App'x 702, 2004 WL 75421, at *1 (5th Cir. 2004).

Based on the foregoing, this case is **DISMISSED WITHOUT PREJUDICE**, and this docket is closed. The Clerk of this Court shall send a copy of this order to the parties and to *amicus* counsel. The Clerk of this Court shall also send a copy of this order to the Clerk of Court of the United States Court of Appeals for the Fifth Circuit. The relevant Fifth Circuit docket number is 15-41185.

SIGNED at Galveston, Texas, on ___March 22___, 2017.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] White claims to have written the motions that form the basis of the interlocutory appeal, as well as the briefs filed in the Fifth Circuit (Dkt. 65 at p. 3). It appears that he did, and Henton has not contested any of White's claims.